**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4882

DONALD ALAN SKAGGS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-97-44)

Submitted: March 24, 1998

Decided: May 8, 1998

Before WIDENER and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, George H. Lancaster, Jr.,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Steven I. Loew,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Donald Allen Skaggs appeals his sentence for one count of aiding and abetting others in the unlawful possession of money order forms. <u>See</u> 18 U.S.C. §§ 2, 500 (1994). Skaggs pled guilty in accordance with a plea agreement. On appeal, Skaggs contends the district court erred in enhancing his sentence for obstruction of justice under <u>U.S. Sentencing Guidelines Manual</u>§ 3C1.1 (1995). Finding no error, we affirm.

Skaggs was indicted on one count of stealing blank money orders and a postal money order machine (18 U.S.C. § 1707 (1994)) (count one), one count of aiding and abetting others in the theft and possession of a postal money order machine (18 U.S.C.§§ 2, 500) (count three), and the aforementioned charge of aiding and abetting illegal possession of money order forms to which Skaggs pled guilty (count two). The charges resulted from a burglary of a West Virginia post office. Prior to his arrest, Skaggs hid the postal money order machine and attempted to cash some money orders. After his arrest and confinement, money orders linked to the burglary were unsuccessfully presented for payment in Florida.

Pursuant to a plea agreement, Skaggs pled guilty to count two, and the Government dismissed counts one and three of the indictment. Skaggs did not agree to cooperate with the Government. In its presentence investigation report, the Probation Department recommended a two-level increase for obstruction of justice based upon the finding that Skaggs had threatened potential witnesses and failed to disclose the location of the postal money order machine. The Probation Department concluded that Skaggs's failure to disclose the location of the postal money order machine promoted continued criminal conduct because additional post-arrest money orders had surfaced.

2

At sentencing, the court stated that it would not consider the alleged threats for purposes of enhancing Skaggs's sentence. However, it overruled Skaggs's objection to the two-level enhancement, finding that it "was obvious [Skaggs] participated in concealing the evidence" and his failure to disclose was "a continuing concealment of the evidence."

Under USSG § 3C1.1, an offense level can be increased by two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Application Note 3 includes a "non-exhaustive" list of examples in which the enhancement would apply:

> [D]estroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (e.g., shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence), or attempting to do so; however if such conduct occurred contemporaneously with arrest (e.g., attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender.

We review a district court's finding that Skaggs obstructed justice for clear error. See United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995).

Skaggs contends that his silence regarding the whereabouts of the stolen property was not the type of affirmative misconduct contemplated by § 3C1.1. We find this argument to be without merit. Skaggs concedes that he hid the postal money order machine and the money orders. Furthermore, the property remained concealed after Skaggs's arrest and was still being utilized to further a criminal objective. Skaggs's continued silence facilitated the concealment of the property and hindered the ongoing investigation.

3

Skaggs also contends that obligating him to speak or face an enhanced sentence violates his Fifth Amendment privilege against self-incrimination. Skaggs's sentence was not enhanced because he remained silent. Rather, his sentence was enhanced because he concealed material evidence from an ongoing investigation. Furthermore, Skaggs did not face further criminal prosecution. The Government agreed to dismiss all other charges concerning the burglary. In addition, Skaggs was given use immunity for any information provided by him under the plea agreement. Thus, we also find this claim to be without merit.

Accordingly, we find no clear error and affirm the sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4